UNITED STATES of America

v.

Donald E. SIMPSON, Appellant.

No. 06–3487.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
L.A.R. 34.1(a) on Oct. 22, 2007.

Filed: Oct. 23, 2007.

Theodore B. Smith, III, Office of United States Attorney, Harrisburg, PA, for United States of America.

Ronald A. Krauss, Office of Federal Public Defender, Harrisburg, PA, for Donald E. Simpson.

Before: FISHER, ALDISERT and GREENBERG, Circuit Judges.

OPINION

ALDISERT, Circuit Judge.

The issue presented in this appeal is whether the United States District Court for the Middle District of Pennsylvania erred in sentencing Appellant Donald E. Simpson. Simpson was convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). In a previous appeal to this Court, we affirmed Simpson's conviction but remanded for resentencing pursuant to the teachings of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). At the resentencing hearing, the District Court sentenced Simpson to 96 months of imprisonment. Simpson now contends that the District Court imposed this sentence without performing a meaningful consideration of the 18 U.S.C. § 3553(a) factors. Simpson also contends that his sentence is unreasonable within the meaning of *Booker*. We will affirm.

I.

The parties are familiar with the facts and proceedings before the District Court, so we will only briefly revisit them here. On May 7, 2004, Harrisburg, Pennsylvania police officers arrested Simpson after a struggle at a local housing project. Simpson was ultimately charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and a jury convicted Simpson of the charge. At his initial sentencing, several family members testified on Simpson's behalf, and the District Court imposed a sentence that included 108 months of imprisonment.

Simpson appealed this conviction and sentence. This Court upheld the conviction but remanded the case for resentencing in light of *Booker*.

Again at his resentencing, Simpson's mother, grandmother, stepfather, fiancée and pastor testified on his behalf. All of these witnesses testified to Simpson's good character, noting that he was a good and responsible person who had loving relationships with his friends and family. Also, Simpson testified to his post-incarceration rehabilitation, including completing Spanish and paralegal courses and serving as a tutor in the prison's GED program.

Defense counsel then asked the District Court to consider a sentence lower than the one previously imposed. Considering all of the testimony presented at the resentencing hearing, the District Court sentenced Simpson to 96 months of imprisonment, 12 months less than his original sentence.

## II.

Generally, "a court of appeals gives deference to a district court's sentencing determinations and thus reviews sentences on an abuse of discretion basis." *United States v. Lloyd*, 469 F.3d 319, 321 (3d Cir.2006). When a defendant fails to raise an objection to the sentence before the district court, however, our review of the sentence is for plain error. *Id.* ("Nevertheless, insofar as [the defendant] is advancing contentions that he did not pre-

serve in the district court, our review is confined by the exacting plain error standards."). Before us, Simpson complains that the District Court imposed a sentence without explicitly articulating a meaningful consideration of the § 3553(a) factors, making the sentence unreasonable. Appellant's Br. at 2. Because his arguments made to this Court were not raised before the District Court, *see* app. 44–48, we will review them for plain error.

To succeed under the plain error standard, Simpson bears the burden of showing that: "(1) an error was committed; (2) the error was plain, that is, clear and obvious; and (3) the error affected the defendant's substantial rights[,] ... [and] [i]n cases where the first three elements are satisfied, an appellate court may exercise its discretion to order such a correction only if the error, 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Dixon*, 308 F.3d 229, 234 (3d Cir.2002) (citations and quotations omitted). An error affects substantial rights if the error was prejudicial to the defendant and "affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

## III.

Simpson first contends that the District Court erred by failing to meaningfully consider the factors relevant to sentencing, as articulated in 18 U.S.C. § 3553(a),[1] and by

---

1. Section 3553(a) provides:
 (a) **Factors to be considered in imposing a sentence.**—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

 (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
 (2) the need for the sentence imposed—
 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

failing to specifically list its reasons for imposing the particular sentence in accordance with 18 U.S.C. § 3553(c).

## A.

■ This Court has previously considered a similar claim of failure to consider the appropriate § 3553(a) factors, and the legal precept applicable to Simpson's claim is settled. In *United States v. Cooper*, 437 F.3d 324 (3d Cir.2006), we stated:

> The record must demonstrate that the court gave meaningful consideration to the § 3553(a) factors. The court need not discuss every argument made by a litigant if an argument is clearly without merit. Nor must a court discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing.

> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
> (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
> (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
> (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by

*Id.* at 329 (internal citations omitted). Nothing in the teachings of *Booker* or elsewhere requires a district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to explicitly record its consideration of each factor. *Id.*

In the case at bar, the Court articulated the following reasons for the sentence it was about to impose:

> Thank you. This is a difficult case for the Court as well as everybody else because I think I'm dealing with two different people here, a person who the family presents—I, by the way, got a letter from your aunt and uncle in Florida, I think, which is very favorable, of course.

> And then I look at the history, and Donald has been involved with guns on at least two occasions, this one that brought this about and the voluntary

> the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guideline or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
> (5) any pertinent policy statement—
> (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
> (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.
> 18 U.S.C. § 3553(a).

manslaughter conviction that occurred back in the '90[ ]s sometime. And I'm very surprised after that experience, that in 2003, I guess it was, at 4:00 in the morning, Donald is out on the street with another gun resisting the police and so forth and so on.

So, you know, it's just hard for me to understand how someone who is presented to me by his family can be doing the things he has done. I'm going to take you at your word, Donald, that you are going to change and that you are going to be a better person when you come out of prison. I reflect what [the prosecutor] has said.

I rarely see the kind of family support in these cases that you have here this morning. I'm very impressed by that. And I hope that you will respond to that care by conducting yourself in a better manner when you come out of prison.

I'm going to take into account all the things that have been said in your behalf here today, but I' [ve] also got to recognize the seriousness of this case of this conviction on top of your other troubles in the past.

App. 45–46. This statement addressed several of the § 3553(a) factors, including "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to pro-

vide just punishment," *id.* § 3553(a)(2)(A); "the need for the sentence imposed to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B); and "the need for the sentence imposed to provide the defendant with the needed ... correctional treatment in the most effective manner," *id.* § 3553(a)(2)(D). Additionally, in the Statement of Reasons accompanying the Judgment in this case, the District Court specifically referenced the characteristics of Simpson as presented by his family and community members and Simpson's rehabilitation efforts as reasons for imposing a sentence that was below the one dictated by the advisory Sentencing Guidelines.[2] Even though the District Court did not expressly address every factor listed in § 3553(a), such a statement was not necessary as the record indicates a meaningful consideration of the factors.

Based upon the statement made at sentencing and the Statement of Reasons prepared by the District Court, we are satisfied that the District Court considered all of the § 3553(a) factors when it sentenced Simpson.

### B.

 Simpson also contends that § 3553(c) requires the District Court to explicitly state the reasons for imposing a particular sentence. 18 U.S.C. § 3553(c) requires the sentencing court to "state in open court the reasons for its imposition of a particular sentence."[3] This Court has

---

**2.** The Presentence Investigation Report calculated Simpson's sentence in accordance with the advisory Sentencing Guidelines. Simpson's criminal history and offense levels provided for a Guidelines sentence in the range of 121–151 months of imprisonment. Because the crime for which Simpson was convicted had a statutory maximum penalty of 10 years of imprisonment and the entire Guidelines range was above this statutory maximum, the Guidelines provided for

Simpson to be sentenced to the maximum penalty, 120 months of imprisonment.

**3.** Section 3553(c) provides, in relevant part:

(c) **Statement of reasons for imposing a sentence.**—The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence—

(1) is of the kind, and within the range, described in subsection (a)(4) and that

found the requirement satisfied "when a district court indicates the applicable Guideline range, and how it was chosen." *United States v. Georgiadis,* 933 F.2d 1219, 1223 (3d Cir.1991). Section 3553(c) requires the sentencing court to provide more specificity in two circumstances:

> First, if a sentence imposed falls within the applicable guidelines range and that range exceeds 24 months, the court must give reasons for imposing the sentence at a particular point within the range. Second, if a sentence falls outside the applicable guideline range, the court must state the specific reason for imposing a sentence that differs from the Guidelines.

*Id.* (internal citations omitted); *see* 18 U.S.C. § 3553(c).

In this case, the Presentence Investigation Report indicated that Simpson had an adjusted offense level of 30 and fell into criminal history category III. This translated to a term of imprisonment of 121–151 months. The crime for which Simpson was convicted, however, carried a statutory maximum penalty of 10 years of imprisonment. Therefore, the Guidelines sentence was 120 months.

Here, the sentence imposed, 96 months of imprisonment, was not within a Guidelines range spanning 24 months, as the Guidelines did not provide a range of sentences for this case but established a sentence of 120 months of imprisonment. Thus, this case does not fall within the first circumstance requiring a more detailed judicial statement. The sentence actually imposed instead fell below the sentence provided by the Guidelines, and

thus came within the second circumstance requiring a more detailed judicial statement. We are satisfied that the District Court complied with § 3553(c)(2) requirements for a sentence below the Guidelines range.

Accordingly, District Court has followed the teaching of *Cooper* and did not err in its consideration of the § 3553(a) factors or its statement of the reasons for sentencing Simpson.

## IV.

■ Simpson also asserts that the District Court's imposition of a sentence of 96 months of imprisonment is unreasonable. Simpson bears the burden of proving the unreasonableness of the sentence. *Cooper,* 437 F.3d at 332. He contends that the sentence is excessive given his history and characteristics and that a lesser sentence would be sufficient to satisfy the concerns of § 3553(a). In doing so, however, Simpson ignores our recent holding in *United States v. Dragon,* 471 F.3d 501 (3d Cir.2006).

The sentence given Simpson was reasonable. A sentence provided for in the Sentencing Guidelines is a natural and proper place for the District Court to begin when fashioning an appropriate sentence for a defendant. *Lloyd,* 469 F.3d at 327; *Cooper,* 437 F.3d at 331. In this case, the Guidelines provided for a sentence of 120 months of imprisonment. The District Court departed downward from this Guidelines sentence when it noted that Simpson's placement in criminal history category III overstated his criminal history and determined that Simpson's prior

---

range exceeds 24 months, the reason for imposing a sentence at a particular point within in the range; or

(2) is not of the kind, or is outside the range, described in subsection (a)(4), the specific reason for the imposition of a

sentence different from that described, which reasons must also be stated with specificity in the written order of judgment and commitment. . . .

18 U.S.C. § 3553(c).

conduct fell within criminal history category II. This downward departure provided for a Guidelines range of 108–135 months. The sentence actually imposed fell a full 12 months below the departure Guidelines range and the previous sentence imposed by the District Court. In addition, the statement provided by the District Court indicated its consideration of Simpson's history and characteristics but also emphasized the seriousness of Simpson's conviction.

■ Additionally, a statement by the District Court explaining why a lesser sentence is inappropriate is not required. In *Dragon*, we held that "district judges are not required ... to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2)." *Dragon*, 471 F.3d at 506; *see also United States v. Navedo-Concepcion*, 450 F.3d 54, 58 (1st Cir.2006) ("[W]e do not think that the 'not greater than necessary' language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is inadequate.").

Accordingly, we are satisfied that Appellant has not met the high burden of persuading this Court that the District Court committed plain error, one that seriously affects the fairness, integrity or public reputation of judicial proceedings.

\*　　\*　　\*　　\*　　\*　　\*

We have considered all of the contentions presented by the parties and decide that no further discussion is necessary.

The judgment of the District Court will be affirmed.